**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| CAROLINE STIVERSON, | ) | |
| | ) | 3:08-CV-0567-HDM (VPC) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF U.S. MAGISTRATE JUDGE** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | September 15, 2009 |
| Defendants. | ) | |
| | ) | |

This Report and Recommendation is made to the Honorable Howard D. McKibben, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for reversal and/or remand (#11). Defendant opposed and filed a cross-motion to affirm (#12), and plaintiff replied (#14). For the reasons set forth below, the court recommends that plaintiff's motion for reversal and/or remand (#11) be granted and defendant's cross-motion to affirm (#12) be denied.

**I. ADMINISTRATIVE PROCEEDINGS**

On March 27, 2006, plaintiff Caroline Stiverson ("plaintiff") filed an application for Supplemental Social Security disability insurance benefits (AR 116). Plaintiff alleged disability beginning on December 15, 2003 based on sharp pain in her right ear due to infection and extreme pain in her right leg that makes it difficult to walk, sit, or stand (AR 130). Plaintiff's claim was denied initially on May 26, 2006 (AR 53) and on reconsideration on December 7, 2006 (AR 58). On October 1, 2007, a hearing was held before Administrative Law Judge ("ALJ") Mark Tronvig, where plaintiff was represented by attorney John Boyden (AR 9-18 (opinion); AR

21-46 (transcript)). The ALJ filed a written opinion on February 4, 2008, in which he upheld the denial of plaintiff's claim (AR 9-18). Plaintiff requested administrative review on February 12, 2008 (AR 5), and the Appeals Council denied review on August 22, 2008, making the ALJ's decision final (AR 1-4). Having exhausted all administrative remedies, plaintiff filed a complaint for judicial review on October 23, 2008 (#1).

## II. BACKGROUND

Plaintiff was born on September 18, 1944, and was sixty-three years old at the time of her hearing (AR 24). Plaintiff completed high school and one year of college (AR 30). Plaintiff's past employment includes work as a janitor, packing and picking at a warehouse, and security at an airport (AR 131). Plaintiff alleges that she became disabled on December 15, 2003, due to severe pain in her right ear and right leg, which makes it difficult to stand or walk, and causes balance problems (AR 130). During plaintiff's hearing before the ALJ, the ALJ stated that he intended to issue a fully favorable decision finding plaintiff disabled based on these impairments (AR 45-46). However, following the hearing, the ALJ found plaintiff not disabled because her impairments were not severe (AR 14). Specifically, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through August 31, 2010.

2. The claimant has not engaged in substantial gainful activity since December 15, 2003, the alleged onset date (20 CFR 404.1520(b) 404.1571 et *seq.,* 416.920(b), and 416.971 *et seq.*).

3. The claimant has the following medically determinable impairment: chronic right leg eczema (20 CFR 404.1520(c) and 416.920(c).

4. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment

or combination of impairments (20 CFR 404.1521 and 416.921).

5.    The claimant has not been under a disability, as defined in the Social Security Act, from December 15, 2003 through the date of this decision (20 CFR 404.1520(c) and 416.920(c)).

(AR 14-17).

## III.  STANDARD OF REVIEW

The court must uphold the decision of an administrative law judge if the ALJ properly applied the correct legal standards and his findings of fact are supported by substantial evidence in the record. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); 42 U.S.C. § 405(g). "Substantial evidence" has been defined as "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Matthews v. Shalala,* 10 F.3d 678, 679 (9th Cir. 1993); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a mere scintilla but less than a preponderance. *See Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), *citing Smolen*, 80 F.3d at 1279.  "To determine whether substantial evidence exists [the court must] look at the record as a whole, considering both evidence that supports and undermines the ALJ's findings.  However, if the evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citations omitted).  The ALJ alone is responsible for determining credibility, and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

## IV.  DISCUSSION

### A.    Legal Framework

Pursuant to the SSA, the Secretary has adopted regulations which establish a formalized, five-step sequential evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520.  The Administrative Law Judge considers: (1) whether the person is engaging

in substantial gainful activity; (2) severity of the alleged impairment; (3) whether the impairment meets or equals a listed impairment and meets the duration requirement; (4) whether the individual is capable of doing work he or she has done in the past; and (5) whether the impairment prevents the person from doing any other work. *Id.* If at any point in the five-step inquiry it is determined that a claimant is or is not disabled, further review is unnecessary.

### B.    Procedural Due Process

Plaintiff argues that she was denied due process because the ALJ ruled in her favor at the hearing, but then issued an unfavorable written decision (#11, p. 2-3). Plaintiff requests the ALJ's decision be reversed outright because the ALJ ruled in favor of plaintiff at the hearing. *Id.* Plaintiff states that she was under a reasonable impression that she had won her case based on the ALJ's statements at the hearing; therefore, as indicated by the ALJ, she did not introduce additional evidence or witnesses. *Id.* p. 4. Defendant contends that "the sole fact that the ALJ issued an unfavorable ruling after indicating at the hearing that he intended to issue a favorable ruling does not require remand to remedy a due process violation" (#12, p. 2).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard at "a meaningful time and in a meaningful manner." *Id.* at 333. Further, due process requires that a Social Security claimant receive a "full and fair hearing." "The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered. This duty extends to the represented as well as to the unrepresented claimant." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (internal citations omitted). A Social Security claimant must also be afforded the opportunity to testify fully. *See James v. Bowen*, 793 F.2d 702 (5th Cir. 1986),

4

*Hankerson v. Harris*, 636 F.2d 893 (2d Cir. 1980), *Kane v. Heckler*, 731 F.2d 1216 (5th Cir. 1984).

At plaintiff's hearing, the ALJ questioned her about her medical impairments, past work and daily activities. At the conclusion of his questioning, the ALJ asked plaintiff's attorney if he had any questions of plaintiff. However, before plaintiff's counsel could respond, the ALJ stated that he intended to issue a fully favorable decision for plaintiff because he found her to be credible and therefore, disabled under grid 201.04[1] (AR 45). For the sake of clarity, the court quotes the entire exchange from the transcript of the hearing:

> ALJ: Counsel, do you have any questions of your witness? Counsel, I [INAUDIBLE] --
>
> ATTY: Your Honor, I have –
>
> ALJ: Yeah, I don't need from you. I'm going to Grid her out 201.04. Don't you think that's appropriate?
>
> ATTY: I do, your Honor. I have that listed as the appropriate Grid.
>
> ALJ: Yeah. I mean, this is pretty straightforward. Her testimony is credible, and you know, she meets, meets the Grid requirement so. It's my intention, we're not even going to take testimony from Mr. Clark[2] in this case. My intention, Ms. Stiverson, is to issue a fully favorable decision in your case. Your attorney did a very good job for you. And I'll issue a fully favorable case, decision in your case. Okay? So you won.
>
> CLMT: Thank you.
>
> ATTY: Thank you.

---

[1] Medical Vocational Guideline, or "Grid" 201.04 indicates that a person who is limited to sedentary work as a result of severe medically determinable impairment(s) is disabled where she is of advanced age, has an education of high school graduate or more, which does not provide for direct entry into skilled work, and has no or only unskilled previous work experience. 20 CFR § 201.00, Table No. 1.

[2] Mr. Clark was the Vocational Expert at the hearing. Although he was present for the entire hearing, he did not testify as the hearing ended immediately following the exchange quoted above.

ALJ: You're welcome. Okay. Very well done, counsel.

(The hearing closed at 10:20 a.m. on October 1, 2007.)

(AR 45-46).

The ALJ issued his written decision on February 4, 2008. He found plaintiff to be not disabled at step two of the five step analysis (AR 12-18). In his written decision, the ALJ mentioned nothing about his statement at the hearing that he intended to issue a fully favorable decision for plaintiff. The ALJ also incorrectly stated that Yolanda Gorges, a non-lawyer representative, appeared with plaintiff on her behalf; in fact, John Boyden, an attorney, represented plaintiff (AR 12).  Plaintiff claims that because of the ALJ's statements, she was under a reasonable impression she had won her case, and therefore, was not given an opportunity to proffer additional testimony or question the vocational expert (#11, p. 4). The court agrees. The ALJ informed plaintiff and her counsel that he intended to issue a fully favorable decision and award her benefits. The ALJ told plaintiff that her attorney had done a "very good job" (AR 46). In reliance on these statements, plaintiff's attorney did not further develop plaintiff's testimony, and neither the ALJ nor plaintiff's attorney questioned the vocational expert. Defendant argues that plaintiff failed to argue "that the ALJ's statement at the hearing deterred her and her attorney from presenting additional evidence that could have led to a different result" (#12, p. 3). However, the court is unclear what other effect the ALJ's statement could have had but to deter plaintiff from presenting additional evidence. Plaintiff and her attorney reasonably concluded that the hearing was over and that plaintiff did not have to present additional testimony because the ALJ intended to rule in her favor. The ALJ's actions precluded plaintiff from receiving a "full and fair hearing," and violated plaintiff's due process rights.

As noted above, in his written decision, the ALJ did not refer to his previous statements at the hearing, nor did he explain why he disregarded his prior statements and changed his

decision. The ALJ did not allow additional briefing or hold a second hearing to protect plaintiff's due process rights. Plaintiff claims that the ALJ made an oral decision entered into the record at the hearing; therefore, the court should award benefits. However, the ALJ simply stated that he intended to issue a favorable written decision. He did not actually make a "wholly favorable oral decision entered into the record at the hearing." 20 CFR § 404.953(b). Therefore, the issue is whether plaintiff was afforded due process, not whether the ALJ complied with the requirements of 20 CFR § 404.953(b). The ALJ's statement that he intended to issue a fully favorable decision deterred plaintiff from presenting further testimony, which violated plaintiff's due process right to a "full and fair hearing." Therefore, the ALJ's decision is reversed and this action is remanded for a new and full hearing before the ALJ.

## V. CONCLUSION

Based on the foregoing, the court recommends that the plaintiff's motion for reversal and/or remand (#11) be **GRANTED** and defendant's cross motion to affirm (#12) be **DENIED**, and this case be remanded to the ALJ for a full hearing.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

1

## VI.  RECOMMENDATION

2

   **IT IS THEREFORE RECOMMENDED** that plaintiff's motion for reversal and/or

3

remand (#11) be **GRANTED** and defendant's cross motion to affirm (#12) be **DENIED**, and this

4

case be remanded to the ALJ for a full hearing.

5

6

   **DATED:** September 15, 2009

7

8

_____

9

   **UNITED STATES MAGISTRATE JUDGE**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28